887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nick R. LA PUMA, Defendant-Appellant.
 No. 88-2237.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Appellant Nick R. LaPuma appeals the district court's denial of his motion to suppress evidence obtained through electronic surveillance. Because the district court did not abuse its discretion in finding probable cause and "necessity" to support authorization of electronic surveillance, we affirm the district court order denying defendant's motion to suppress.
 
 I.
 
 2
 On November 25, 1985, Judge Ralph M. Freeman signed an order authorizing wire interception of the communications of "Dominic Passalacqua and others as yet unknown" regarding narcotics-related offenses over telephone number (313) 885-4926, a line subscribed to by Kathleen Rancilio, Dominic Passalacqua's wife, and located at their home.[1]
 
 
 3
 The affidavit supporting the application for interception stated that the Drug Enforcement Administration ("DEA") began investigating distribution of controlled substances by Francesco and Dominic Passalacqua after a confidential informant ("DEA-1") told a special agent that Francesco and Dominic Passalacqua were involved in the distribution of "multi-kilogram quantities" of heroin.
 
 
 4
 The affidavit details seven instances from June through September 1985 where Dominic Passalacqua delivered heroin to DEA-1 or to an undercover agent. The affidavit also links Dominic Passalacqua's home telephone to his heroin transactions; several telephone calls regarding heroin sales were made to Dominic Passalacqua on his home telephone line (885-4926). Additionally, Dominic Passalacqua, during a conversation concerning drugs, told an undercover agent that he (Passalacqua) could be contacted at telephone number 885-4926.
 
 
 5
 The affidavit stated that aerial and land surveillance of Paul Leggio, a supplier of narcotics to Dominic Passalacqua, was attempted but unsuccessful, and that surveillance of Dominic Passalacqua also failed to be productive. The affidavit stated reasons why the use of undercover techniques, search warrants, grand jury subpoenas, interviewing subjects or attempting further informant coverage would be either unfeasible or impractical.
 
 
 6
 The electronic surveillance of Dominic Passalacqua's telephone revealed evidence incriminating him, Robert LaPuma, appellant's father, and appellant Nick R. LaPuma. Appellant was charged with conspiring with Robert LaPuma, Dominic Passalacqua, and other unknown persons to distribute heroin in violation of 21 U.S.C. Sec. 846.
 
 
 7
 In July 1988, appellant joined in Robert LaPuma's Motion to Suppress Fruits of Electronic Surveillance. After the district court denied that motion, appellant entered a conditional guilty plea to conspiring to distribute heroin, reserving the right to appeal the district court's denial of the motion to suppress evidence. Appellant was sentenced to a five-year prison term, and this appeal followed.
 
 II.
 
 8
 The applicable statutory provisions allow a judge to authorize interception of communications upon a showing of certain factors:
 
 
 9
 Upon such application the judge may enter an ex parte order, as requested or as modified, authorizing or approving interception of wire or oral communications within the territorial jurisdiction of the court in which the judge is sitting, if the judge determines on the basis of the facts submitted by the applicant that--
 
 
 10
 (a) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense enumerated in section 2516 of this chapter;
 
 
 11
 (b) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception;
 
 
 12
 (c) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous;
 
 
 13
 (d) there is probable cause for belief that the facilities from which, or the place where, the wire or oral communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or are leased to, listed in the name of, or commonly used by such person.
 
 18 U.S.C. Sec. 2518(3).[2]
 
 14
 The applicable standard of review grants "great deference" to the decision of the issuing judicial officer. In recent cases involving Title III electronic surveillance orders, this court has detailed the appropriate standard.
 
 
 15
 Since the issuing judge is in the best position to determine all of the circumstances in the light in which they may appear at the time, "great deference" is normally paid to the determination of an issuing judge. "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination." United States v. Leon, 468 U.S. 897, 914, 104 S.Ct. 3405 [3416], 82 L.Ed.2d 677 (1984) (quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969)). Thus, the fact that a later trial judge or reviewing court may feel that a different conclusion was appropriate does not require, nor even authorize, the suppression of evidence gained through such a warrant. In United States v. Lambert, 771 F.2d 83, 93 (6th Cir.), cert. denied, 474 U.S. 1034, 106 S.Ct. 598, 88 L.Ed.2d 577 (1985), we held that a magistrate's determination on the question of probable cause will not be reversed if the record contains a "substantial basis for his probable cause findings."
 
 
 16
 United States v. Giacalone, 853 F.2d 470, 478-79 (6th Cir.), cert. denied, 109 S.Ct. 263 (1988), citing United States v. Alfano, 838 F.2d 158, 162 (6th Cir.), cert. denied, 109 S.Ct. 64 (1988).
 
 
 17
 In Alfano, we addressed the determination of probable cause as required by Title III of the Omnibus Crime Control and Safe Streets Act of 1986, 18 U.S.C. Secs. 2510-20, and held that while there must be "strict compliance" with Title III, "there is no specific formula that must be met for a warrant, and ... evidence must be judged on the totality of the circumstances and in a reasonable and common sense manner." Alfano, 838 F.2d at 161, citing Illinois v. Gates, 462 U.S. 213, 238 (1983). In Giacalone, supra, we examined the probable cause requirements of Title III and reaffirmed the standards given in Alfano.
 
 
 18
 Because the facts set forth in the affidavit, as discussed in Section I, provide a substantial basis to reasonably conclude that particularized conversations relating to narcotics offenses, including the identity of Dominic Passalacqua's suppliers, "up the line" would be intercepted on Passalacqua's home telephone, we hold that the district court did not abuse its discretion in affirming the authorizing judge's finding of probable cause.
 
 
 19
 In addition to the probable cause requirements, an applicant for interception of wire communications must show a need for electronic surveillance. This court has stated the standards applicable to the "necessity" requirement:
 
 
 20
 All that is required is that the investigators give serious consideration to the non-wiretap techniques prior to applying for wiretap authority and that the court be informed of the reasons for the investigators' belief that such non-wiretap techniques have been or will likely be inadequate.
 
 
 21
 838 F.2d at 163-64 (quoting United States v. Lambert, 771 F.2d 83, 91 (6th Cir.), cert. denied, 474 U.S. 1034, 106 S.Ct. 598, 88 L.Ed.2d 577 (1985)).
 
 
 22
 Giacalone, 853 F.2d at 480. As the Alfano court noted, "the government is not required to prove that every other conceivable method has been tried and failed or that all avenues of investigation have been exhausted." Alfano, 838 F.2d at 163.
 
 
 23
 The facts recited in the affidavit provide a basis to conclude that other investigation techniques have been or will likely be inadequate. Because the affidavit illustrates serious consideration of non-wiretap techniques and reasons for the inadequacy of such techniques, the district court did not abuse its discretion by affirming the decision of the authorizing judge.
 
 
 24
 For the reasons given above, we AFFIRM the decision of the court below.
 
 
 
 [1]
 On January 8, 1986, Judge George E. Woods signed an order extending the period of authorized interception under the original order for an additional thirty days. Judge Woods also signed, at that time, an order authorizing interceptions of wire communications of "Robert LaPuma, Dominic Passalacqua, Paul Leggio, and others as yet unknown" from a telephone number subscribed to by Robert LaPuma's wife, Nancy Caravas, and located at the home of Robert LaPuma, Nancy Caravas, and their son, defendant-appellant. This appeal concerns only the order of November 25, 1985
 
 
 [2]
 Section 2518 has been amended since the occurrences in this case. The amendment, however, does not affect the statutory language relevant to the instant issues